UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23295-CIV-WILLIAMS/REID

GREEN APPLE JUICE BAR, LLC,

      Plaintiff,

v.

BAY PARC PLAZA MARKET, LLC, *et al.,*

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff's Motion for Default Judgment. [ECF No. 15] and Defendants Maor Aflalo and Aviram Dadon's "Personal Response and Request for Extension of Time to file a Lawyer's Response to the Claim." [ECF No. 12]. These matters were referred to me for a report and recommendation by United States District Judge Kathleen M. Williams. [ECF No. 16]. Having heard from the Parties and reviewed the record, the Court **RECOMMENDS** that [15] Plaintiff's Motion for Default Judgment be **GRANTED** and [12] Defendants' Personal Response and Motion for Extension be **DENIED AS MOOT**.

## I.     BACKGROUND

Plaintiff Green Apple Juice Bar, LLC, was founded in 2014 and has been engaged in the restaurant and juice bar business since its formation. [ECF No. 1 at 3]. Plaintiff's first restaurant and café bearing the marks GREEN APPLE and GREEN APPLE JUICE LOUNGE opened to the public in 2014 in Doral, Florida. [*Id.*]. In July 2016, Plaintiff opened a second restaurant and café bearing the marks GREEN APPLE and GREEN APPLE JUICE LOUNGE in Kendall, Florida and

1

another in July 2018, in Pembroke Pines, Florida. [*Id.*]. Plaintiff also alleges it is the owner of the federally registered design mark (U.S. Registration No. 5759115) shown below, which was registered in connection with restaurant and café services and for the sale of beverages, baked goods, sandwiches, and related goods ("Green Apple Mark"):



[ECF Nos. 1, 1-3 at 2].  According to the certificate of registration attached to the Complaint as Exhibit 1, the Green Apple Mark was registered in Plaintiff's name on May 21, 2019. [*Id.*]

Additionally, Plaintiff alleges that Defendant Bay Parc Plaza Market, an entity organized under the laws of Florida, began using the Green Apple Mark without Plaintiff's authorization sometime after the date of registration. Further, Defendants adopted and used confusingly similar trade names such as "GREEN APPLE", "GREEN APPLE MARKET", and "APPLE GREEN MARKET."  Plaintiffs alleged Defendants began using the design mark displayed below in connection with café, market, and grocery store services:



[ECF No. 1 at 5–6].

On October 11, 2022, Plaintiff sued Defendant and its managing members, Aviram Dadon and Maor Aflalo, for: (1) federal mark infringement under 15 U.S.C. § 1114; (2) false designation

of origin under 15 U.S.C. § 1125(a)(1)(A); (3) Florida common law trademark infringement; (4) Florida common law unfair competition; (5) Florida's Deceptive and Unfair Trade Practices Act (FDUTPA); and (6) counterfeiting under 15 U.S.C. § 1114. [ECF No. 1].

On November 14, 2022, the district court directed the Clerk of Court to enter a default against Defendants and ordered Plaintiff to file a motion for default judgment by December 14, 2022. [ECF No. 10]. After the default was entered, Defendants Dadon and Aflalo, acting *pro se*, filed a document titled "Personal Response" asking the Court for a fifteen-day extension to file a "Lawyer's Response" to Plaintiff's Complaint. [ECF No. 12]. They also requested two weeks to "change the name Green Apple Market" and remove it from all physical points, social networks, and different internet applications. [ECF No. 12 at 2]. Defendant Aflalo also filed a motion for referral to the Court's volunteer attorney program. [ECF No. 13].

On December 7, 2022, Defendants Aflalo and Dadon, filed a *pro se* Answer to the Complaint. [ECF No. 14]. Plaintiff then filed its Motion for Final Default Judgment, arguing Defendant Bay Parc Plaza Market had not filed an answer to date and no counsel had appeared on its behalf. Moreover, Defendants Aflalo and Dadon filed an Answer to the Complaint but did not move to vacate the default entered against them. [ECF No. 15]. And, even if the Answer had been timely filed—Plaintiff argues—it is not responsive to the specific allegations of the Complaint and admits that Defendants were using the infringing marks. [ECF No. 15 at 2]. Specifically, Defendants Aflalo and Dadon explained that the infringing behavior was "human error, of another person in the change of the new logo, on internet platforms" and that Defendants had since "changed the logo in all the physical point[s]…" [ECF No. 14 at 2].  According to Plaintiff, the well-pleaded factual allegations in the Complaint are sufficient to establish each element of each

cause of action. [ECF No. 15 at 2]. The Motion requests damages, an injunction, attorney's fees, and costs. *See id.*

The Undersigned conducted a hearing on Plaintiff's Motion for Final Default Judgment on April 4, 2023. [ECF No. 21]. Defendant Maor Aflalo appeared *pro se* at the hearing, but no one appeared on behalf of Defendants Aviram Dadon and Bay Parc Plaza. [*Id.*] Defendant Aflalo explained to the Court that he believed he could appear on behalf of all three defendants and that none could afford to hire counsel. [*Id.*]. Plaintiff's counsel countered that he had repeatedly advised Defendants to obtain counsel and even tried to help Defendants obtain counsel. [*Id.*] Defendants, however, would retain no one. Defendant Aflalo acknowledged that Defendants were served with the Complaint and did not dispute the factual allegations included in the Complaint. [*Id.*] Specifically, he admitted the improper use of the Green Apple Mark had been in error and had ceased since October 2022. [*Id.*] After reviewing the record and arguments, the Court **RECOMMENDS** that Plaintiff's Motion for Final Default Judgment be **GRANTED**.

## II.      LEGAL STANDARD

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Once a default is entered under Rule 55(a), a defendant is deemed to admit a plaintiff's well-pleaded allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted). Before entering a default judgment, however, Rule 55(b) requires the district court to ensure that the well-pleaded allegations in the complaint state a cause of action and that a sufficient basis exists in the pleadings for the relief the plaintiff seeks. *Id.*; *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (explaining defaulted defendant deemed to admit well-pleaded factual allegations but "is not held to admit facts that are

not well-pleaded or to admit conclusions of law."). Entry of a default judgment under Rule 55(b) is warranted only if a sufficient basis exists in the pleadings. *Surtain*, 789 F.3d at 1245 (citation omitted).

### III.    DISCUSSION

#### i.    Plaintiff's Claims

##### A.  Trademark Infringement

In Count I, Plaintiff alleges trademark infringement under 15 U.S.C. § 1114(1)(a). ([ECF No. 1. At 9]. Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . . which such use is likely to cause confusion, or to cause mistake, or to deceive[.]" 15 U.S.C. § 1114. To prevail on a claim of trademark infringement, "a plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1130-31 (11th Cir. 2018) (quoting *Tana v. Dantanna's*, 611 F.3d 767, 773 (11th Cir. 2010)); *see also D.B.C. Corp. v. Nucita Venezolana, C.A.*, 464 F. Supp. 3d 1323 (S.D. Fla. 2020).

Plaintiff satisfies both elements. First, Plaintiff has shown that it has rights in the Green Apple Mark. [ECF No. 1-3] The registration certificate attached to Plaintiff's Complaint are prima facie evidence of Plaintiff's ownership of the Green Apple Mark and its validity. [*Id.*]; *See* 15 U.SC. § 1057(b). Second, Plaintiffs well-pleaded allegations show that Defendants adopted a mark confusingly similar to the Green Apple Mark, such that consumers would likely confuse the two. The Green Apple Mark is identical or subsumed within Defendant's mark and both Plaintiffs and

Defendants are in the restaurant and café business. Plaintiff attached to the Complaint several exhibits showing what appears to be Defendants' use of the infringing mark in their store, menu, social media accounts, and more.  [ECF No. 1-7, 1-8]. And by virtue of their default, Defendants admit their use of the Green Apple Mark is likely to cause consumer confusion as to whether Plaintiff and Defendants are affiliated. *See PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F. Supp. 2d 1213 (S.D. Fla. 2004) (finding default itself establishes likelihood of confusion). Plaintiff is entitled to a default judgment on Count I.

    B.  <u>Unfair Competition</u>

In Count II, Plaintiff alleges unfair competition under 15 U.S.C. § 1125(a). To establish Defendants' liability, Plaintiff must show "(1) it had rights to the mark at issue, and (2) that the defendant adopted a mark or name that was the same, or confusingly similar, to plaintiff's mark such that consumers were likely to confuse the two." *Id.* at 1217; *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012). Plaintiff must establish that Defendants adopted a mark confusingly similar to Plaintiff's mark such that there is a likelihood of confusion. *See Advance Magazine Publishers, Inc. v. Chic USA, Inc.*, No. 2:20-cv-193-SPC-NPM, 2021 WL 664138, at * 3 (M.D. Fla. Feb. 2, 2021), *report and recommendation adopted*, 2021 WL 662234 (M.D. Fla. Feb. 19, 2021).

The elements of a federal unfair competition claim when infringement is alleged, are the same as the elements for trademark infringement. *Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1181 (11th Cir. 1994). Consequently, the same facts that enable Plaintiff to recover for trademark infringement under 15 U.S.C. § 1114(a)(1) also results in Plaintiff's recovery for unfair competition under 15 U.S.C. § 1125(a). *Id.* at 1181. Plaintiff is entitled to a default judgment on Count II.

C.  Common Law Mark Infringement and Common Law Unfair Competition

In Counts III and IV, Plaintiff alleges common law unfair infringement and common law unfair competition. Because Plaintiff sufficiently pled a claim for federal trademark infringement, it has established a common law infringement claim. This district court has explained that "the analysis of liability for Florida common law trademark infringement is the same as under the Lanham Act." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1218. Thus, Plaintiff is entitled to a default judgment on Count III.

To prevail on a Florida common law unfair competition claim, a plaintiff must prove that (1) the plaintiff is the prior user of the trade name or service mark, (2) the trade name or service mark is arbitrary or suggestive or has acquired secondary meaning, (3) the defendant is using a confusingly similar trade name or service mark to indicate or identify similar services rendered (or similar goods marketed) by it in competition with plaintiff in the same trade area in which plaintiff has already established its trade name or service mark, and (4) as a result of the defendant's action or threatened action, consumer confusion as to the source or sponsorship of the defendant's goods or services is likely. *Id.* at 1219.

Plaintiff pled ownership of the marks GREEN APPLE and GREEN APPLE JUICE LOUNGE through being the senior user of said marks. *See* [ECF No. 1 ¶¶13, 58, 63]. Further, it pled Defendants are using a confusingly similar trade name and mark to identify services rendered—namely, restaurant and café services—and that as a result of Defendants' actions, consumer confusion as to the source of Defendants' services is likely. Specifically, Plaintiff alleged:

> The Infringing Marks adopted and used by Defendants are identical in that both use the mark GREEN APPLE, and confusingly similar in that parties use GREEN APPLE MARKET and GREEN APPLE LOUNGE which share the same dominant element of the wording GREEN APPLE for related goods and services.

[*Id.* at ¶ 28]. Plaintiff argues its unfair competition claim, common law claims, and FDUTPA claims are broader than the registered trademark infringement claim because those claims include Plaintiff's unregistered marks, GREEN APPLE and GREEN APPLE JUICE LOUNGE. It argues it has acquired trademark rights under the common law through its prior and continuous use of the marks in commerce and in Florida for restaurant and café services and for the sale of sandwiches, beverages, and other related goods. [ECF No. at 8]. Based on these allegations, the Court finds that Plaintiff has sufficiently stated claims for common law unfair competition and common law trademark infringement.  Plaintiffs are therefore entitled to final default judgment as to Counts III and IV.

      D. <u>FDUTPA</u>

In Count V, Plaintiff alleges Defendants violated FDUTPA, Fla. Stat. §§ 501.201-501.13 [ECF No. 1 at 14]. FDUTPA's purpose is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). A consumer FDUTPA claim has three elements: (1) a deceptive or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *See Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1097 (11th Cir. 2021).  Alternatively, FDUTPA permits any 'aggrieved party' to pursue injunctive relief." *Galstaldi v. Sunvest Communities USA, LLC*, 637 F. Supp. 2d 1045, 1054 (S.D. Fla. 2009); *Farmer v. Humana, Inc.*, 582 F. Supp. 3d 1176, 1190 (M.D. Fla. 2022) ("Put plainly, a plaintiff is 'aggrieved' under FDUTPA when the deceptive conduct alleged has caused a non-speculative injury that has affected the plaintiff beyond a general interest in curbing deceptive or unfair conduct.").

Plaintiff alleges that "as a result of Defendants' unlawful conduct, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Marks and has suffered and will continue to suffer irreparable harm." [ECF No. 1 at 14]. Further, because of "Defendants' unfair trade practices, members of the general public are likely to mistakenly believe that Defendants' business, and the services and goods provided by Defendants, are approved or endorsed by, or otherwise provided by Plaintiff." [*Id.* at 13]. Plaintiff adds that, unless enjoined, Defendants will continue to violate FDUTPA, thereby injuring Plaintiff and confusing the public. [*Id.*]. Finally, Plaintiff contends it has sufficiently alleged actual damages because this district court recently held in *Tymar Distribution LLC v. Mitchell Grp. USA, LL*C, 558 F. Supp. 3d 1275, 1286 (S.D. Fla. 2021), that a corporate-competitor plaintiff may seek lost profits damages under FDUTPA.[1]

Because Plaintiff has established Defendants' liability for trademark infringement and adequately alleged a detrimental impact of the infringement on Plaintiff's business and reputation, Plaintiff is entitled to default judgment on its FDUTPA claim for actual damages and for injunctive relief. The well-pleaded allegations of the Complaint establish Defendants' liability under Count V of the Complaint.

E.   Counterfeiting

In Count VI, Plaintiff alleges counterfeiting under 15 U.S.C. § 1114(1). [ECF No. 1 at 14]. Plaintiff must show that Defendants (1) counterfeited Plaintiff's registered trademark in violation of 15 U.S.C. § 1114(1)(a), applying the trademark to its advertisements, and (2) intentionally used a mark, knowing such mark is a counterfeit mark. *Cole-Parmer Instrument Company LLC v.*

---

[1] The Court notes that there is also contrary authority in this district holding that lost profits are not "actual damages." *Sub-Zero, Inc. v. Schuster*, No. 18-20890-Civ-Scola, 2018 WL 8369106, at *4 (S.D. Fla. Sept. 4, 2018). In any event, as will be discussed, Plaintiff is also requesting statutory damages for the Lanham Act violations.

*Professional Laboratories, Inc.*, 568 F. Supp. 3d 1307, 1314 (S.D. Fla. 2021). Because the Court has determined that Defendants infringed Plaintiff's marks under 15 U.S.C. § 1114, Plaintiff satisfies the first element of its counterfeiting claim.

Regarding the second element, Defendants admit (through their default) they intentionally used their infringing marks despite knowing they were counterfeit and despite Plaintiff notifying them of their infringing behavior. Attached to the Complaint is a cease-and-desist letter sent by Plaintiff to Defendants in September 2019. [ECF No. 1-12]. Notably, Defendant Aflalo admitted at the hearing on Plaintiff's motion for final default judgment that Defendants utilized (albeit by mistake) the confusingly similar logo on social media years after receiving Plaintiff's cease and desist letter. [ECF No. 21]. Added to this is Defendant's untimely Answer in which he justifies the infringing behavior by claiming "human error." [ECF No. 14 at 1]. Because Plaintiff has pled ownership of the registered mark and Defendants admit through their default and arguments that they have used a substantially undistinguishable mark, Plaintiff has properly alleged liability for counterfeiting. In sum, Plaintiff is entitled to default judgment on Count VI.

### ii. Remedies

#### A. Injunctive Relief

Plaintiff seeks an injunction under 15 U.S.C. § 1116(a), which authorizes a district court to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable" to prevent trademark law violations, and Fla. Stat. § 501.211, which entitles "anyone aggrieved" by a FDUTPA violation to an injunction against the violator. A plaintiff is entitled to permanent injunctive relief where it demonstrates: (1) it has suffered irreparable injury; (2) remedies available at law (such as monetary damages) are inadequate to compensate for the injury suffered; (3) the balance of hardships favors an equitable remedy; and (4) issuance of an

injunction would not disserve the public interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Injunctive relief is an available remedy even in default judgment cases and can be awarded to a plaintiff without a hearing. *PetMed Express*, 336 F. Supp. 2d at 1217; *see also Nygard v. Jasper*, No. 8:15-cv-1939-T-33EAJ, 2016 WL 9526666, at *5 (M.D. Fla. Jan. 4, 2016) ("Even in a default judgment case, injunctive relief is appropriate pursuant to the Lanham Act and common law"), *report and recommendation adopted*, 2016 WL 9526575 (M.D. Fla. Jan. 25, 2016).

Taking Plaintiff's well-pleaded allegations as true, a permanent injunction against Defendants' future infringement is warranted. Plaintiff has shown it has suffered irreparable injury and that Defendants' future infringement would cause continued irreparable injury of an unknowable extent. *See Chanel, Inc. v. Mesadieu*, No. 6:08-cv-1557-Orl-31KRS, 2009 WL 2496586, at *8 (M.D. Fla. Aug. 12, 2009) ("The immediate, ongoing violation of Chanel's right to exclude third parties from using their protected trademarks is not compensable through monetary remedies."); *Hunter*, 2017 WL 1987247, at *9 (finding monetary damages inadequate to compensate plaintiff's previous and future losses because of "[t]he possibility of future infringement by [defendant], and the seemingly unknowable extent of that infringement"); *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) ("[I]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement").

The balance of hardships also favors Plaintiff. Defendants' potential loss of the revenue generated by their infringing conduct is outweighed by the threatened ongoing injury to Plaintiff. Last, the issuance of an injunction is in the public's interest because it will prevent the confusion created by Defendants' infringing marks. Plaintiff is entitled to a permanent injunction enjoining and restraining Defendants from using the infringing in identifying or marketing their services.

## B.  Accounting and Disgorgement of Profits

Plaintiff requests monetary relief in the form of an accounting and disgorgement of Defendants' profits under 15 U.S.C. § 1117(a) for Counts I through IV. The Eleventh Circuit has determined that "an accounting of a defendant's profits is appropriate when: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct." *Optimum Techs., Inc. v. Home Depot U.S.A., Inc.*, 217 F. App'x 899, 902 (11th Cir. 2007). And in 2020, the Supreme Court held willfulness is not a precondition to a profits award in a trademark infringement suit. *Romag Fasteners, Inc v. Fossil, Inc.*, 140 S.Ct. 1492 (2020). In the Eleventh Circuit, "a plaintiff need not demonstrate actual damage to obtain an accounting of an infringer's profits." *Wesco Mfg., Inc. v. Tropical Attractions of Palm Beach, Inc.*, 833 F.2d 1484, 1487–88 (11th Cir. 1987). Rather, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only." 15 U.S.C. § 1117 (alteration added). And then the burden shifts to defendants to show costs and other deductions. *Id.*; *Wesco*, 833 F.2d at 1488.

Plaintiff argues an accounting of Defendants' profits is appropriate because Defendants' use of its trademark was both deliberate and willful. But given that Defendants defaulted, it has not had the opportunity to conduct discovery on Defendants' sales and thus asks the Court to order Defendants to produce documentary evidence of their sales for all years the infringing marks were used by Defendants for their café and market services. In the motion, Plaintiff requests an evidentiary hearing for a determination on Defendants' profits. [ECF No. 15 at 13]. At the hearing on the motion for final default judgment, Plaintiff explained that a comparable business in that area could earn between $700,000 and $1,400,000 in gross revenue and that Plaintiffs should be awarded as damages 20% of the lower amount in that range, that is, $140,000. [ECF No. 21].

However, Plaintiff explained it would be satisfied with $50,000 in damages, owed jointly and severally by the three Defendants. [*Id.*]

Although Plaintiff presented persuasive argument regarding Defendants' potential sales, the Court must conduct an evidentiary hearing before awarding a disgorgement of profits. Plaintiffs, however, could still recover statutory damages based on Defendants' counterfeiting violation as discussed below.

### C.  Statutory Damages

Alternatively, Plaintiff asks the Court to award statutory damages based on Defendants' counterfeiting violation (Count VI). [*Id.* at 13]. Damages are not admitted by default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Although a court may hold an evidentiary hearing to determine damages, a hearing is not required if the "amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232, 1233 n.13 (11th Cir. 2005) (citation and quotations omitted); *see also Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (a hearing is unnecessary if sufficient evidence is submitted to support the request for damages).

The court "may award statutory damages without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Michael Kors L.L.C. v. AirTnMax Store*, No. 20-cv-62455-BLOOM/Valle, 2021 WL2592367, at * 6 (S.D. Fla. Feb. 16, 2021) (citation and quotation omitted); *see also Petmed Express*, 336 F.Supp. 2d at 1217. Indeed, "[w]here damages are difficult to ascertain, injunctive relief may also be awarded in a default situation, without an evidentiary hearing." *Nat'l Staffing Sols., Inc. v. Young Holdings & Invs., LLC*, No. 8:20-cv-1011-T-02JSS, 2020 WL 6587246 at *1 (M.D. Fla. Aug. 13, 2020); see Fed. R.

Civ. P. 55(b)(1). As always, a court must assure that a legitimate basis exists for any damage award it enters. *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

In an anti-counterfeiting action under the Lanham Act, "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages" of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). In cases of willful infringement, the court may award statutory damages of "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2). District courts maintain broad discretion in determining the amount of statutory damages to award. *PetMed Express*, 336 F. Supp. 2d at 1219. Statutory damages should serve the dual purposes of compensating the plaintiff and sanctioning and deterring infringers. *Id.* at 1220–21 ("Statutory damages under § 1117(c) are intended not just for compensation for losses, but also to deter wrongful conduct.").

The Lanham Act "does not provide guidelines for courts to use in determining an appropriate award." *Nike, Inc. v. Austin*, No. 6:09-cv-796-Orl-28KRS, 2009 WL 3535500, at *4 (M.D. Fla. Oct. 28, 2009). To determine the appropriate amount of damages, courts look to the Copyright Act's statutory damages provision for guidance. *Id.* Under the Copyright Act, courts may consider: (1) the expenses saved and the profits reaped; (2) the revenues lost by the plaintiff; (3) the value of the copyright; (4) the deterrent effect on others besides the defendant; (5) whether the defendant's conduct was innocent or willful; (6) whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and (7) the potential for discouraging the defendant. *Id.* Willfulness can be inferred by the fact that

14

a defendant continued infringing behavior after being given notice. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1220. And the district court may infer willfulness from Defendants' default. *Id.*

Here, Defendants' willfulness can be established for several reasons. The allegations in the Complaint—which are taken as true—and Defendant Aflalo's arguments clearly establish Defendants continued to use the Green Apple mark and name after they were put on notice, that is, after receiving Plaintiff's 2019 cease-and-desist letter. In June 2022, Defendants displayed the Green Apple logo in their social media accounts, and to date, Defendants continue to promote their grocery and café business under the Green Apple name. Although Defendant Aflalo argued Defendants' business is substantially different from Plaintiff's, the Complaint, exhibits, and Green Apple Market's own website show otherwise.[2] Like Plaintiff, Defendants prepare and sell fresh goods, including sandwiches, wraps, and salads. *Compare* ECF No. 1-7 *with* ECF No. 1-4. And contrary to Defendant Aflalo's contention that they do not reach a substantial number of customers because they are located inside an apartment building, the record shows the café is open to the public and offers delivery within a five-mile radius through delivery services like Grubhub and UberEats. [ECF No. 1-9]. A sign outside the luxury apartment complex, which is located at 1756 N. Bayshore Drive, Miami, shows that Green Apple Market is open to the general public. [ECF No. 1-7 at 9].

In short, Defendants have intentionally benefitted from using a mark and name confusingly similar to Plaintiff's, such that consumers are likely to confuse the two. Moreover, Defendants have defaulted and have insisted on acting *pro se* on behalf of Defendant Bay Parc Plaza, LLC, despite knowing that business entities must be represented by counsel. *Alternative Materials, LLC v. TCH Constr. Grp., Inc.*, 339 F.R.D. 322, 324 (N.D. Fla. 2021) ("Artificial business entities—

---

[2] https://www.greenapplemarket.getsauce.com/?utm_source=GMB&utm_medium=Website%20button&utm_id=Green%20Apple%20Market

such as limited liability companies, corporations, and partnerships—may appear in federal court only through counsel"). Given Defendants' use of the Green Apple mark even after the 2019 cease-and-desist letter, the similarity of the business products sold, and Defendants' use of the mark on social media thereby reaching a substantial number of customers, and their default in this case, the Court finds that a total of $50,000 is a reasonable damages award pursuant to the statute. This amount is reasonable considering the distance between the award and the statutory ceiling, and it will also serve as a meaningful deterrent to Defendants and other potential infringers. *See PetMed Express*, 336 F. Supp. 2d at 1220-21 (collecting cases and noting "[s]everal courts have found statutory damages [e]specially appropriate in default judgment cases."); *see also Slep-Tone Ent. Corp. v. Karaoke Miami LLC*, No. 11-22481-CIV, 2011 WL 13223981, at *6 (S.D. Fla. Sept. 14, 2011) (determining a statutory damages award of $750,000 was reasonable and within the statutory maximum of $4,000,000 for willful infringement of plaintiff's two marks).

Because there is more than sufficient evidence of Defendants' willful infringement, the Court **RECOMMENDS** that Plaintiff be awarded **$50,000** in statutory damages based on Defendant's counterfeiting violation.

### D.  Punitive Damages

Plaintiff requested in its Motion an award of punitive damages for its Florida common law infringement and unfair competition claims (Counts III and IV). However, because Plaintiff conceded at the hearing that it would be satisfied with statutory damages, the Undersigned **RECOMMENDS** that Plaintiff's initial request for punitive damages be **DENIED**.

### E.  Attorney's Fees

Plaintiff also seeks an award of attorney's fees pursuant to 15 U.S.C. § 1117(a), which allows an award of attorney's fees and costs for violation of sections 1125(a), (c), or (d). With

respect to attorney's fees, the statute specifies that a court may award them "in exceptional cases." 15 U.S.C. § 1117(a). The Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate, and willful. *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir.1994). As previously discussed, Plaintiff has established that Defendants acted willfully utilizing the Green Apple Mark and, thus, is entitled to attorney's fees. Further support for the awarding of attorney's fees is provided both by Defendants' continued infringement even after receiving notice from Plaintiff and Defendants' failure to respond to the Complaint. *See Arista Records*, 298 F. Supp. 2d at 1316. Furthermore, an award of attorney's fees and costs will serve the important functions of deterring future infringements, penalizing Defendants for their unlawful conduct, and compensating Plaintiff for their fees and costs. *Id.* For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff Green Apple Juice Bar, LLC, as the prevailing party, is entitled to reasonable attorney's fees and costs in the amount of $11,003.32.[3]

## IV. CONCLUSION

It is hereby **RECOMMENDED:**

1.  Plaintiff's Motion for Default Judgment Against All Defendants [ECF No. 15] be **GRANTED**, Plaintiff be awarded $50,000.00 in statutory damages under 15 U.S.C. § 1117, Plaintiff's request for attorney's fees under 15 U.S.C. §1117(a) be granted, and Plaintiff's request for punitive damages be denied without prejudice.

2.  Defendants be permanently enjoined from infringing the Green Apple Mark.

---

[3] In recommending this award, the Court has considered and accepted Counsel's Affidavit of Attorney Fees [ECF No. 15-1] submitted to the Court on December 14, 2022.

3. Defendants Dadon and Aflalo's "Personal Response and Request for Extension of Time to file a Lawyer's Response to the Claim" [ECF No. 12] be **DENIED AS MOOT**.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 18th day of May 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

Cc:    **All Counsel of Record**